UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BROADBAND SOLUTIONS AND TESTING, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | No. 08 C 6683 |
| v. | ) ) | |
| | ) | Senior U. S. District Court Judge |
| ARTEC DIGITAL INC., ULTIMA ELECTRONICS (U.S.A.) CORP., and XTRAPLUS CORPORATION, | ) ) ) ) | George W. Lindberg |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On December 19, 2008, plaintiff Broadband Solutions and Testing, Inc. ("plaintiff") filed an amended complaint ("complaint") against defendants Artec Digital Inc. ("Artec"), Ultima Electronics Corp. ("Ultima"), and Xtraplus Corporation ("Xtra") (collectively "defendants"), alleging a claim for breach of contract (Count I) and seeking a declaratory judgment that it does not owe the sum of $57,634.67 to defendants (Count II). Defendant Xtra filed amended counterclaims on May 6, 2009, which plaintiff answered on May 13, 2009. Before the court is plaintiff's motion to dismiss Xtra's counterclaim and for leave to amend its complaint.

Under the Federal Rules of Civil Procedure, a party may move to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), "before pleading if a responsive pleading is allowed." *Id.* Because plaintiff filed its responsive pleading on May 13, 2009, plaintiff's April 16, 2010, Rule 12(b)(6) motion to dismiss is untimely. Although plaintiff suggests that the court treat its motion as a 12(b)(1) motion, a 12(b)(1) motion at this stage in the proceedings would be just as untimely as a 12(b)(6) motion. *See* F.R.C.P. 12(b). However,

08 C 6683

because "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit," *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007) (citations omitted), the court will consider *sua sponte* plaintiff's argument that the court lacks subject matter jurisdiction.

The issue raised by plaintiff does not go to this court's subject matter jurisdiction. A federal court has subject matter jurisdiction over cases in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff is an Illinois corporation with its principal place of business in Illinois. Defendants Xtra, Artec and Ultima are all California corporations with their principal places of business in California. Therefore, the parties are diverse. *See* 28 U.S.C. § 1332(c)(1). To satisfy the amount in controversy requirement, a plaintiff "must demonstrate no more than a good faith, minimally reasonable belief that its claim will result in a judgment in excess of $75,000." *Neuma, Inc. v. Amp, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001) (citations omitted). Federal courts use the "legal certainty" test to evaluate the amount in controversy requirement: "Under the legal certainty test, courts will find federal jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. Am. Gen. Life & Accident Ins Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (citation omitted). Plaintiff''s complaint alleges an amount in controversy exceeding the jurisdictional minimum. Additionally, Xtra's counterclaim need not be within the court's original jurisdiction because Rule 13 permits, and in some cases mandates, the filing of certain claims as counterclaims and 28 U.S.C. § 1367 provides for supplemental jurisdiction. Because the parties are diverse and the amount in controversy satisfies the "legal certainty" test, and because this court has supplemental

2

08 C 6683

jurisdiction over defendant's counterclaim, plaintiff's argument that the court lacks subject matter jurisdiction is without merit.

Plaintiff also moves for leave to amend its complaint. However, plaintiff did not attach its proposed amended complaint to the motion. Consequently, plaintiff's request for leave to amend the complaint is denied without prejudice to plaintiff's filing another motion to amend with the proposed amended complaint attached as an exhibit.

ORDERED: Plaintiff Broadband Solutions and Testing, Inc.'s motion to dismiss [81] is denied. Plaintiff's request for leave to amend its complaint is denied without prejudice to plaintiff's filing another motion to amend with the proposed amended complaint attached as an exhibit on or before June 15, 2010.

g

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: June 13, 2010